IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVIN A. TOLLIVER,**

    **Plaintiff,**

  v.                                        Civil Action 2:16-cv-1020
                                                      Judge George C. Smith
                                                      Magistrate Judge Jolson

**WARDEN NOBLE, et al.,**

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Kevin A. Tolliver, a pro se prisoner, filed this Complaint on October 25, 2016 (Doc. 1), and shortly thereafter filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 9). Pursuant to 28 U.S.C. § 1915(a), that Motion is **GRANTED**. All judicial officers who render services in this action shall so as if the costs had been prepaid. However, as explained below, the Court concludes this action cannot proceed.

Additionally, because Plaintiff seeks redress from a governmental entity or officer or employee of a governmental entity, this Court must conduct an initial screen of the Complaint (Doc. 1). 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint, "or any portion of the Complaint," if it determines that the Complaint or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). Applying those standards here, the undersigned **RECOMMENDS DISMISSING** the Complaint (Doc. 1) and **RECOMMENDS DENYING** Plaintiff's Motion for Temporary Restraining Order (Doc. 2) and Motion for Respondent to Provide Documents to the Court (Doc. 5).

1

## I. BACKGROUND

On October 25, 2016, Plaintiff filed this action alleging that three boxes of his property, including his legal work and various personal possessions, were taken from him in what he refers to as "the investigator pack-up," while he was incarcerated at London Correctional Institution. (Doc. 1). Additionally, it appears that Plaintiff claims he is being transferred to another facility as punishment for speaking out about his missing possessions. (*Id.*). It is worth noting that Plaintiff filed numerous documents the day he filed his complaint, including a Motion for a Temporary Restraining Order, Judicial Notice regarding his transfer to a new facility, a Supplemental Affidavit by the Plaintiff, and a "Motion for Respondent to Provide Documents to the Court." (Doc. 2–5).

## II. DISCUSSION

For the following reasons, the undersigned recommends dismissing the Complaint in its entirety.

### A. Jurisdiction

Here, Plaintiff cites no laws, statutes, or general legal principles in his Complaint regarding jurisdiction. Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction." Moreover, jurisdiction is a "threshold matter" that "springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quotation and editorial marks omitted)). As such, federal courts are always under an "independent obligation to consider their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). The Complaint provides no basis to conclude this Court has jurisdiction, and the undersigned accordingly recommends dismissal on this basis.

### B. Failure to State a Claim

In addition, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a Complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing the Complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiff makes the following factual allegations in his Complaint:

> [T]he staff at LoCI have taken and hidden 3 legal boxes of materials. They have continued to deny access to the Court by not giving permission to see, use, or know the location of the same and it is now clear they intend to ride Relator out without the property he arrive with from MACI only 6 months ago.

(Doc. 1 at 1–2). Plaintiff, who refers to himself as "Relator," explains that the "first investigator pack-up" occurred while he was in class, but Correctional Officer Pyles initiated a "second pack-up" while he was present. (*Id.* at 3). Additionally, Plaintiff states that he informed, filed informal complaints, or discussed the incidents with Defendants Warden Noble, Investigator, Sibalski, Lieutenant Webb, and Sergeant Levan. (*Id.* at 3, 7). Plaintiff further alleges that "Noble, Taylor, Christler, Sibalski, Webb, Westfall and Levan all intend I be transferred without my 'investigator's pack-up' because: 1) it's punishment, 2) it relieves Tolliver of the evidence

3

for his RLUIPA claim challenging 72 REG 1 thru 12, and 3) will cripple my criminal appeals. (*Id.* at 9).  Finally, Plaintiff makes mention of the final Defendant, Inspector Blackwell, when he confusingly explains he met with Blackwell to discuss the fact that he "no longer requires the contractor's services."  (*Id.* at 5).

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court.  First, it is unclear what Plaintiff's legal basis is for this lawsuit involving the "investigator packups."  That alone means the Complaint fails because Defendants have no notice of the law or laws they allegedly violated.  *See United States ex rel. Snapp, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008) ("[The] Rule 8 requirement is born out of a need to ensure fundamental fairness for defendants—a complaint need not provide an exhaustive roadmap of a plaintiff's claims, but it must be sufficient to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted).

Even if the Court were to construe the Plaintiff's claims under a federal statute, 42 U.S.C. § 1983 for instance, they would still fail.  For example, Plaintiff's claims relating to Defendants' lack of action once they were informed of Plaintiff's grievance is not cognizable because prison officials whose only roles involve "their failure to remedy the alleged unconstitutional behavior cannot be liable under § 1983."  *Malone v. Hughes*, No. 1:16-cv-851, 2016 WL 6998752 (S.D. Ohio Oct. 18, 2016) ("Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of 'encouragement' that would make the official liable for such misconduct.").

As noted above, at one point in the Complaint, Plaintiff mentions RLUIPA, but it appears that he is not alleging this as a cause of action, but rather explaining that his legal

4

materials contain information on a RLUIPA claim he intends to pursue.  The only other mention of a potentially cognizable legal claim is in Plaintiff's allegation "[t]hat my placement here is an act of retaliation for First Amendment protected conduct" and "that my due process rights have been violated by a flawed DRC 2099 form which among other facts created an invalid transfer hearing."  (Doc. 1 at 4).  However, this allegation is not supported by any factual allegations in the Complaint.  In fact, this is the only mention of that particular form and the First Amendment.  Therefore, it is recommended that the Complaint be dismissed for failing to state a claim against any and all Defendants.

### III.     CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS DISMISSAL** of the Complaint (Doc. 1) and **RECOMMENDS DENYING** Plaintiff's Motion for Temporary Restraining Order (Doc. 2) and Motion for Respondent to Provide Documents to the Court. (Doc. 5).

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: January 13, 2017						/s/ Kimberly A. Jolson
								KIMBERLY A. JOLSON
								UNITED STATES MAGISTRATE JUDGE