**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KEVIN A. TOLLIVER,**

      **Plaintiff,**

  v.                                        **Civil Action 2:16-cv-1020
                                                Judge Edmund A. Sargus
                                                Magistrate Judge Jolson**

**WARDEN NOBLE, et al.,**

      **Defendants.**

**REPORT AND RECOMMEDNATION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint (Doc. 100) and for Declaratory Judgment (Doc. 110) and Defendants' Motion to Amend Motion/Correct (Doc. 106). For the reasons that follow, Plaintiff's Motion to Amend (Doc. 100) is **DENIED**, and it is **RECOMMENDED** that Plaintiff's Motion for Declaratory Judgment (Doc. 110) be **DENIED**. Defendants' Motion (Doc. 106) is **GRANTED**, and the Clerk shall file Document Number 106-1, which contains the corrected case caption, as Defendants' Response to Plaintiff's Objections to the Report and Recommendation and Opposition to Plaintiff's Motion to Amend. Finally, regarding case deadlines for the remaining two Defendants, Sunni Ali Islam and Abdul Raham Shahid, all discovery shall be completed by June 18, 2021, and any dispositive motion shall be filed by July 19, 2021.

**I.    BACKGROUND**

On July 24, 2020, the Undersigned recommended granting Defendants Noble's, Jefferies', Cahill's, Taylor's, Moore's, Lawrence's, Davis', and Hunyadi's (collectively, the Ohio Department of Rehabilitation and Correction ("ODRC") Defendants) Motion for Judgment on the Pleadings. (Doc. 86). The remaining Defendants, Sunni Ali Islam, and Abdul Rahman

Shahid, were only recently served. (Doc. 111).

Critical here, in her Report and Recommendation, the Undersigned noted Plaintiff's request to amend his Complaint. (Doc. 86 at 7). The Undersigned concluded that "[a] number of factors weigh[ed] against" amendment. (*Id*. at 7). To begin, "[t]his case has been pending for almost four years," and "Plaintiff has already" had a chance to amend his Complaint. (*Id*. at 7–8). Moreover, based on "the additional details" Plaintiff provided in his response brief, "further amendment would [not] cure the fundamental deficiency in the Amended Complaint." (*Id*. at 8). Instead, Plaintiff's proposed amendments "offer[ed] more of the same—allegations of general misconduct on the part of Defendants combined with ineffective legal conclusions couched as factual allegations." (*Id*.).

Accordingly, the Undersigned determined that Plaintiff should not be granted a second opportunity to amend his Complaint. (*Id*.). Still, Plaintiff moved for leave to amend, recycling many arguments the Undersigned previously rejected. (Doc. 100). Plaintiff also seeks a "declaratory judgment" on "ten questions" concerning Defendants' practices and policies pertaining to inmates' religious practices. (Doc. 110). Plaintiff's Motions are ripe for resolution.

## II.     AMENDMENT STANDARD

In considering a motion for leave to amend, the Court shall "freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "'Nevertheless, leave to amend should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Collins v. Warden, London Corr. Inst.*, No. 2:12-CV-1093, 2013 WL 2434397, at *7 (S.D. Ohio June 5, 2013), *report and recommendation adopted*, No. 2:12-CV-1093, 2013 WL 5182961 (S.D. Ohio Sept. 13, 2013) (internal quotation marks omitted) (quoting *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011)).

Courts also consider the movant's "repeated failure to cure deficiencies by previous amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001).

## III. DISCUSSION

The Undersigned already concluded that Plaintiff should not be granted leave to amend, and she does so again now.  Like before, Plaintiff's Motion to Amend "offers more of the same—allegations of general misconduct on the part of Defendants combined with ineffective legal conclusions couched as factual allegations." (Doc. 86 at 8; *see generally* Doc. 101-1).  Said plainly, Plaintiff's proposed amendments fail to cure any of the deficiencies that doomed his claims against the ODRC Defendants.

For example, the Undersigned concluded that sovereign immunity barred Plaintiff's state-law claims.  (Doc. 86).  Plaintiff seeks to amend to "clarify" his position regarding sovereign immunity (Doc. 100 at 1) but fails to do so (*see* Doc. 100-1, ¶¶ 137–38).  Similarly, in his First Amended Complaint, Plaintiff "failed to allege individual misconduct on the part of any of the ODRC Defendants." (Doc. 86 at 6).  Again, Plaintiff's proposals fail to cure that deficiency.

For instance, in his Proposed Second Amended Complaint, Plaintiff seeks to hold Defendant Jefferies liable "based upon direct supervision as warden" and alleges that he "failed in his duty to protect Plaintiff from retaliation[.]"  (Doc. 100-1, ¶¶ 140–44).  Section 1983, however, does not permit *respondeat superior* liability.  Rather, a supervisor may be held liable only where he "encouraged the specific incident of misconduct or in some other way directly participated in it."  *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (quotation marks and citation omitted).  And because Plaintiff does not allege that Defendant Jefferies "encouraged" or "directly participated" in the alleged unconstitutional conduct, the proposed amendment is futile. *See Combs*, 315 F.3d at 558.

The same is true regarding Plaintiff's proposed allegations against Defendant Davis. It appears Plaintiff seeks to hold Defendant Davis liable "as director of Religious Services," alleging that he "failed to correct said policies, or [] deal with the contractors" and "thereby failed to protect Plaintiff from the issues outlined in this complaint which largely fall under his purview as religious director." (Doc. 100-1, ¶¶ 145–46). Again, "[s]upervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs*, 315 F. 3d at 558 (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

The remaining proposed allegations are also futile. They are largely identical to those the Undersigned already considered and rejected when Plaintiff asked for leave to amend in July. (*See, e.g.*, Doc. 86 at 8 (denying Plaintiff leave to amend to allege that "Defendants' use of Nexus to transfer him, infers at least the warden and/or dept. warden (Noble and Taylor) and it would have been filled out and filed by some staff member alleging a personal relationship to plaintiff"); Doc. 101-1, ¶¶156–57 (seeking to amend to allege that Defendant Taylor "used his resources . . . to intimidate, punish, and remove those who complained about Mr. Shahid" and that "the so called 'Nexus' used to transfer Plaintiff was a farce")).

Plaintiff's Motion may be denied for futility alone. *See, e.g.*, *Collins*, 2013 WL 2434397, at *7 (internal citation omitted) ("Plaintiff's proposed Amended Complaint is almost identical to his original Complaint, with just a few exceptions. None of the proposed additions would affect the Court's conclusions with respect to Defendants' Motion for Judgment on the Pleadings or alter the merits of Plaintiff's remaining claims.").

Yet it is also worth noting, once again, that this case is over four years old, and Plaintiff already had an opportunity to amend his Complaint. Granting Plaintiff leave to amend would

4

only further delay this case and prejudice the ODRC Defendants. *See Collins*, 2013 WL, at *7 (noting that leave to amend should be denied if it would result in "undue delay or prejudice to the opposing party"); *Wade*, 259 F.3d at 459 (instructing courts to consider whether the movant previously failed to cure deficiencies by previous amendment). What is more, the Undersigned permitted Plaintiff multiple opportunities to cure service deficiencies as to the remaining two Defendants, and Plaintiff may now proceed with his claim against them. Accordingly, for the reasons discussed above, Plaintiff's Motion for Leave to Amend (Doc. 100) is **DENIED**.

Regarding Plaintiff's request for a "declaration" concerning Defendants' alleged unconstitutional practices and policies concerning religion (Doc. 110), it is **RECOMMENDED** that Plaintiff's Motion be **DENIED**. Plaintiff's Motion primarily concerns the ODRC Defendants; but the Undersigned recommended they be dismissed from this lawsuit. (Doc. 86). And to the extent Plaintiff seeks a declaration that the conduct of the remaining two Defendants is unconstitutional, his Motion is premature. *See, e.g.*, *Shoucair v. Warren*, No. 07-12964, 2008 WL 2622838, at *2 (E.D. Mich. July 1, 2008) (denying motion to "declare that the defendants acted in violation of the constitution . . . before discovery has even been conducted," noting that "the issue of whether defendants' actions violated the constitution involves questions of fact and law that must be determined through a summary judgment motion or trial").

### IV. SCHEDULING ORDER

Now that the remaining two Defendants, Sunni Ali Islam and Abudl Rahman Shahid, have been served (Doc. 111), and because this case is exempt from the requirements of Fed. R. Civ. P. 26(a)(1) and 26(f)(1), *see* Fed. R. Civ. P. 26(a)(1)(B)(iv), S.D. Ohio Civ. R. 16.2, the Court hereby establishes the following schedule in accordance with Fed. R. Civ. P. 16(b):

JURISDICTION

Within fourteen (14) days of the date of this Scheduling Order, each party will serve on each opposing party or counsel a completed form, as attached to this Scheduling Order, indicating whether that party consents to disposition of the case by the United States Magistrate Judge. *See* 28 U.S.C. § 636(c).

DISCOVERY PROCEDURES

Discovery may proceed and shall be completed by June 18, 2021. For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.

Depositions of any persons who are incarcerated may proceed on such terms and conditions as the institution shall impose.

DISPOSITIVE MOTIONS

Any dispositive motion shall be filed by July 19, 2021.

This schedule may be modified upon motion and for good cause shown. *See* Fed. R. Civ. P. 16(b)(4).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend (Doc. 100) is **DENIED**, and it is **RECOMMENDED** that Plaintiff's Motion for Declaratory Judgment (Doc. 110) be **DENIED**. Defendants' Motion (Doc. 106) is **GRANTED**, and the Clerk shall file Document Number 106-1, which contains the corrected case caption, as Defendants' Response to Plaintiff's Objections to the Report and Recommendation and Opposition to Plaintiff's Motion to Amend. Finally, regarding case deadlines for Defendants, Sunni Ali Islam and Abdul Raham Shahid, all discovery shall be completed by June 18, 2021, and any dispositive motion shall be filed by July 19, 2021.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:   December 18, 2020                         /s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE