# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**KEVIN A. TOLLIVER,**

       **Plaintiff,**

**vs.**
                                         **Case No.: 2:16-cv-1020**
                                         **Judge Edmund A. Sargus, Jr.**
                                       **Magistrate Judge Jolson**

**WARDEN NOBEL,** *et al.*,

       **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of a Report and Recommendation and Order issued by the Magistrate Judge on July 24, 2020, (ECF No. 86), addressing pro se Plaintiff Kevin A. Tolliver's Objection to the Report and Recommendation and Order. (ECF No. 101). This matter is also before the Court for consideration of a Report and Recommendation and Order issued by the Magistrate Judge on December 18, 2020, (ECF No. 112), addressing Plaintiff's Objection to that Report and Recommendation and Order. (ECF No. 114). For the reasons stated below, the Court **OVERRULES** Plaintiff's objections, (ECF Nos. 101, 114), and **ADOPTS** the both the July and the December Report and Recommendation. (ECF Nos. 86, 112). Defendants Noble's, Jefferies', Cahill's, Taylor's, Moore's, Lawrence's, Davis', and Hunyadi's ("ODRC Defendants") Motion for Judgement on the Pleadings, (ECF No. 79), is **GRANTED**. Plaintiff's Motion for Declaratory Judgement, (ECF No. 110), is **DENIED**.

### I.    Facts and Background

Plaintiff did not object to the background section of the Magistrate Judge's July Report and

Recommendation and Order, (ECF No. 86), which put forth the following:

> Plaintiff is an inmate at Grafton Correctional Institution, who has previously been incarcerated at London Correction Institution ("LoCI"), Madison Correctional Institution ("MaCI"), Belmont Correctional Institution ("BeCI"), Ross Correctional Institution ("RCI"), and Pickaway Correctional Institution ("PCI"). (Doc. 30, ¶ 7). Defendants are numerous Ohio Department of Rehabilitation and Corrections ("ODRC") employees and contractors. (Id., ¶¶ 8–11).

> In 2012, ODRC transferred Plaintiff to MaCI. (*Id.*, ¶ 16). While at MaCI, Defendant Abdul Rahman Shahid was an ODRC contractor who served as an Islamic Services Provider. (*Id.*, ¶ 19). Defendant Sunni Ali Islam served in the same role at PCI. (*Id.*). Plaintiff alleges that Defendants Shahid and Islam (the "Defendant Contractors") generally discriminated against Muslim inmates that were not supporters of the Nation of Islam. (*See, e.g.*, *id.*, ¶¶ 19–30). While at MaCI, Plaintiff allegedly complained to unidentified ODRC administrators and staff about the Defendant Contractors' behavior, which he asserts resulted in retaliation in the form of denied grievances, denied medical treatment, and limited program opportunities. (*Id.*, ¶ 35).

> After several years at MaCI, in 2016, ODRC transferred Plaintiff to LoCI "for programming consistent with his parole board and re-entry plan." (*Id.*, ¶ 40). Defendant Shahid served as the Islamic Services Provider at LoCI as well. (*Id.*, ¶ 43). According to Plaintiff, unidentified ODRC administrators and employees employed Defendant Contractors knowing that it would suppress Muslim inmates' religious exercise and conserve resources for Christian inmates. (*Id.*, ¶ 50). And Plaintiff takes issue with ODRC's policies which he maintains do not adequately distinguish between different sects of Islam, resulting in the discriminatory actions of Defendant Contractors. (*Id.*, ¶¶ 54–57).

> In September 2016, Defendants Christler and Sibalski "shook down Plaintiff" and conducted a search of Plaintiff's belongings. (*Id.*, ¶ 88). Plaintiff subsequently reported to the investigators who placed him in segregated housing. (*Id.*, ¶ 90). After two weeks in "maximum security isolation," Defendant Sibalski informed Plaintiff of the results of his investigation. (*Id.*, ¶ 90). The investigation began based on Defendant Shahid's allegation that Plaintiff was trying to radicalize other Muslim inmates; Defendant Sibalski found no evidence to support that allegation. (*Id.*). Plaintiff alleges that unidentified Defendants subjected him to more than 50 days "in isolation as punishment for his use of the grievance process." (*Id.*, ¶ 94). Defendant Jefferies allegedly "personally approved this retaliatory action." (*Id.*).

> The next month, unidentified Defendants allegedly arranged Plaintiff's transfer to PCI to impose "additional hardships" on Plaintiff, knowing that Defendant Islam worked at PCI and would continue to harass Plaintiff as Defendant Shahid had. (*Id.*,

¶ 99). Defendants Jefferies, Noble, and Taylor "and others had great sway over" Defendant Contractor's false reports and their effect on Plaintiff. (*Id.*, ¶ 102). Unidentified Defendants have allegedly denied him a reduction in his security level due to his history of successful grievances challenging his conditions of confinement and violations of civil rights. (*Id.*, ¶ 107).

As part of their alleged retaliation against him, unidentified Defendants confiscated Plaintiff's legal materials and limited his access to other legal materials. (*Id.*, ¶¶ 115–19). Unidentified Defendants also failed to process his theft reports after Plaintiff lost other personal property. (*Id.*, ¶ 120). Further, unidentified Defendants disrupted his completion of various prison programming by transferring him between facilities. (*Id.*, ¶¶ 126–30).

Plaintiff filed the initial Complaint (Doc. 1) in October 2016. After the Court ordered that the Complaint be dismissed, (Docs. 14, 17), the Sixth Circuit directed it to permit Plaintiff to file an Amended Complaint, (Doc. 24). Plaintiff promptly filed his Amended Complaint, alleging that Defendants: retaliated against him in violation of the First Amendment, violated his right to practice his religion, denied him access to the courts, and are liable for numerous state law contract and tort claims. (*See generally* Doc. 30). Defendants Noble, Jefferies, Cahill, Taylor, Moore, Lawrence, Davis, and Hunyadi (the "ODRC Defendants") filed a Motion for Judgment on the Pleadings (Doc. 79). The Motion is fully briefed and ripe for resolution.

(ECF No. 86, PageID #579–581). After the aforementioned Defendants filed their Motion for Judgement on the Pleadings, but before the Magistrate Judge issued her July Report and Recommendation and Order, the case was reassigned to this Judge. (ECF No. 80).

Near the end of her July Report and Recommendation and Order, the Magistrate Judge denied the Plaintiff's request for a second opportunity to amend his complaint, finding it not warranted here. (ECF No. 86, at PageID #585–86). The Court then granted Plaintiff two extensions to the deadline for him to file any objections. (ECF Nos. 88, 98). Approximately one month before Plaintiff filed his objection, Plaintiff requested a stay so that he could amend and/or supplement his amended complaint. (ECF No. 93). The request was denied. (ECF No. 94). When the Plaintiff then filed his objection, he also filed a motion for leave to amend/supplement his Amended

Complaint along with the proposed second amended/supplemented complaint. (ECF Nos. 100, 101). Defendants responded in opposition both to Plaintiff's objection and to Plaintiff's motion to amend/supplement his Amended Complaint. (ECF No. 106-1).

On December 16, 2020, Plaintiff filed a "Motion for Declaratory Judgement." (ECF No. 110).[1] That motion is the subject of the December Report and Recommendation and Order. (ECF No. 112). As part of the order in that Report and Recommendation and Order, the Magistrate Judge denied Plaintiff's motion for leave to amend/supplement his Amended Complaint. On January 6, 2021, Plaintiff objected, and Defendants responded on January 20, 2021. (ECF Nos. 114, 116).

## II.    Statement of Law

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made. The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

However, the standard of review is different when the district court reviews a non-dispositive order of the magistrate judge, as is the case here. This Court will reconsider the Magistrate Judge's order denying leave to amend a complaint only where it has been shown that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). A party can amend their pleading "once as a matter of course" within "21 days after serving it" or if the pleading requires a response, "21

---

[1] Plaintiff dated this Motion November 22, 2020. (ECF No. 110). This case has a history of lag between the prisoner-Plaintiff's sending of documents and their receipt at the courthouse. (*See, e.g.*, ECF No. 16).

days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. Pro. 15(a)(1). After this time has passed, a party may amend its pleading only with the opposing party's consent or by leave of court. *Id.* at 15(a)(2). "[L]eave shall be freely given when justice so requires." *Id.* Defendants have not consented to the amendment.

"A court need not grant leave to amend . . . where amendment would be 'futile.'" *Miller v. Calhoun Cty*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* Importantly, in interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

## III.     Discussion

Plaintiff objects to the July Report and Recommendation on the ground that the Magistrate Judge should have allowed him to file a second amended complaint; he objects to the December Report and Recommendation for the same reason. (ECF No. 101 at PageID #696; ECF No. 114 at PageID #815). Plaintiff asserts that he had a right to amend his Amended Complaint under Federal Rule of Civil Procedure 15(a)(1). (*See* ECF No. 101 at PageID #696; ECF No. 114 at PageID #816). He believes this right exists because at the time of the July Report and Recommendation two Defendants had not yet been served, meaning 21 days had not lapsed since their service. (*Id.*; *id.*). Alternative, he believes this right exists because a party has a right to amend the complaint after being served a motion to dismiss. (*Id.*; *id.*). Plaintiff asserts that the Magistrate Judge should have allowed him to file a second amended complaint pursuant to Rule 15(a)(2), which allows for

5

additional amendments when justice so requires. (*See* ECF No. 101 at PageID #696–697,699).

This Court has reviewed both the Magistrate Judge's July Report and Recommendation and Order, and December Report and Recommendation and Order. In both instances the Magistrate Judge analyzed and denied Plaintiff's request for leave to file a second amended complaint. The Court finds that the Magistrate Judge's orders denying leave to amend are neither clearly erroneous nor contrary to law. Moreover, even if these denials were reviewed under a more stringent standard, the Court would come to the same conclusion.

**IV.     Conclusion**

Accordingly, the Court **ADOPTS** and **AFFIRMS** both the July Report and Recommendation and Order, (ECF No. 86), and the December Report and Recommendation and Order, (ECF No. 112). The Plaintiff's objections, (ECF Nos. 101, 114), are **OVERRULED**. The Motion for Judgement on the Pleadings (ECF No. 79) is **GRANTED**, and Defendants Noble, Jefferies, Cahill, Taylor, Moore, Lawrence, Davis, and Hunyadi are thus entitled to judgment in their favor. Plaintiff's Motion for Declaratory Judgement, (ECF No. 110), is **DENIED**. The remaining four Defendants in this case are Investigators Christler and Sibalski, Abdul Rahman Shahid, and Sunni Ali Islam. The Clerk shall remove ECF Nos. 79, 86, 110, and 112 from the Court's pending motions list.

**IT IS SO ORDERED.**

**1/21/2021**                                           **s/Edmund A. Sargus, Jr.**
**DATE**                                                 **EDMUND A. SARGUS, JR.**
                                                         **UNITED STATES DISTRICT JUDGE**

6