IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN A. TOLLIVER,

       Plaintiff,

  v.                                  Civil Action 2:16-cv-1020
                                        Judge Edmund A. Sargus
                                        Magistrate Judge Jolson

WARDEN NOBLE, et al.,

       Defendants.

## OPINION AND ORDER

       This matter is before the Court on Plaintiff's Motion to Compel non-party Ohio Department of Rehabilitation and Corrections ("ODRC") to comply with a subpoena. (Doc. 224). The remaining claim in this case centers on whether Defendant Abdul Rahman Shahid unlawfully retaliated against Plaintiff. (Docs. 205, 207). In short, Plaintiff filed institutional grievances about Defendant's provision of religious services, and he says Defendant retaliated by completing a nexus form, which "is a document completed by prison staff or other contractors to request the transfer of an inmate for, among other reasons, personal conflicts between a staff member(s) and an inmate." (Doc. 205 at 5) (quoting Doc. 154-1, ¶ 7). Plaintiff was thereafter transferred to another institution. (*Id.*) (citing Doc. 154-1, ¶¶ 13–14).

       Following a denial of summary judgment for Defendant, Plaintiff was appointed counsel (Docs. 210, 216), who is now collecting final discovery in preparation for trial. After informally attempting to retrieve documents from counsel for the State of Ohio—to no avail—Plaintiff served a subpoena on ODRC, requesting Defendant's personnel file, the at-issue nexus form, and any of Plaintiff's grievance forms filed against Defendant between 2012 and 2015, while Plaintiff was incarcerated at the Madison Correctional Institution. (Doc. 224 at 3; Doc. 224-3).

When ODRC failed to timely respond to the subpoena, Plaintiff brought the instant Motion. (Doc. 224).  Given the impending trial date, the Court expedited a response from ODRC.  (Doc. 226).  ODRC then represented that it had made complete production in compliance with the subpoena (Doc. 228), so the Court ordered a status report from Plaintiff indicating whether he considered production complete and would withdraw the Motion (Doc. 229).  Now, however, Plaintiff represents that there are deficiencies in the production, and conferral with ODRC resulted in unsatisfactory explanations about why further material could not be produced.  (Doc. 235).

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Rule 45, for its part, provides that when a subpoena has been objected to, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection."  Fed. R. Civ. P. 45(d)(2)(B)(i).  "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted).  "While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound, Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).  At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

In response to the present subpoena, ODRC produced only three notification of grievance forms completed by Plaintiff against Defendant.  (Doc. 235-1).  Plaintiff says he is skeptical that

this is the entirety of the relevant documents. (Doc. 235 at 2). Indeed, there have been other grievance forms regarding Defendant filed to the docket in this case from the relevant time period. (*See, e.g.,* Doc. 161 at 30–32; Doc. 161-1) (informal complaint resolution forms and appeals filed against Shahid in 2014). To the extent ODRC only provided notification of grievance forms, it should also provide informal complaint resolution and appeals forms, and it must ensure that it has diligently searched for all forms brought by Plaintiff against Defendant during the relevant time period.

Similarly, ODRC purportedly produced only two nexus forms signed by Defendant (one from 2018, and one from 2019) (Doc. 235 at 2), though several other former ODRC defendants in this action affirmed by affidavit that Defendant Shahid completed the at-issue nexus form in 2016 (Docs. 154-1, 154-2, 154-3). And, Plaintiff says ODRC produced only a handful of documents from Defendant's personnel file, from 2018 and 2019. (Doc. 235 at 2). ODRC purportedly represented that this was due to its retention schedule, which requires that documents be kept for only five years. (*Id.*). Yet, Plaintiff has suggested that—when documents relate to an ongoing legal action—the policy instead requires that documents be kept until five years after a case is decided and all appeals are exhausted. (*Id.*). This case was initiated in 2016 and is ongoing.

In sum, all the information requested by Plaintiff is clearly relevant to the claim remaining in this case and is narrowly tailored so as not to require an unduly burdensome response from ODRC. To the extent ODRC might maintain that it is has produced everything relevant within its possession, custody, or control, Plaintiff has identified several reasonable grounds for doubting that. Accordingly, the Motion to Compel (Doc. 224) is **GRANTED.** ODRC is **ORDERED** to conduct a diligent search for any responsive documents with its possession, custody, or control, and make any supplemental production to Plaintiff on or before September 22, 2023. The parties

are further **ORDERED** to submit a joint status report on or before September 26, 2023, describing the status of their dispute over production. In the event the dispute is still unresolved, the Court **SETS** a telephonic status conference for September 27, 2023 at 11:00am. Counsel shall call 1-888-684-8852 to participate in the status conference before the Undersigned. The conference access code is 3189690 and the security code is 1020.

Finally, the Court notes that Plaintiff requests that the Court set a briefing schedule so that he may request an award of costs incurred in bringing the present Motion, under Federal Rule of Civil Procedure 37(a)(5)(A). However, Rule 37(a) governs motions to compel brought against other parties. The issue on a non-party's compliance with a subpoena under Rule 45 merits different considerations. Accordingly, this request is **DENIED without prejudice**. The Court may revisit the question of appropriate sanctions later.

IT IS SO ORDERED.


Date: September 19, 2023　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE